### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HUTTON & HUTTON LAW FIRM, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:13-cv-01462-CM-KGS |
| ) | |
| GIRARDI & KEESE and ) | |
| THOMAS V. GIRARDI, ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANTS' REQUEST FOR SUMMARY BENCH TRIAL AND MEMORANDUM IN SUPPORT**

Defendants Girardi & Keese and Thomas V. Girardi, Esq. (collectively "Girardi") respectfully request a summary bench trial on the issue of arbitrability and submits the following memorandum in support. In its April 2, 2015 Order, the Court asked the parties to advise it whether the upcoming summary arbitration trial should be to the bench or a jury. (ECF No. 23). Girardi respectfully requests a bench trial because: (1) the issue of arbitrability will likely be decided as a matter of law; and (2) the facts of this mass-tort settlement dispute would be particularly inappropriate for a jury.

"When it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014). The Court has already determined that arbitrability turns on whether Girardi's express authority to settle "included the power to agree to the broad arbitration provision contained in the MSA." (Dkt. No. 21, p. 29). This question can likely be resolved by looking specifically to the "customs

and usages" in the mass-tort master settlement scenario.  *See* Restatement (Third) of Agency § 2.02, Comment e (2006).

     Here, the Court can likely decide whether Girardi possessed the requisite authority as a matter of law at a bench trial.  In its March 31st Order, the Court indicated there remains a dispute of material facts regarding Girardi's authority. (Dkt. No. 21, p. 31).  Respectfully, Girardi believes the Court has identified an absence of factual development, not a dispute of material facts.  Both parties agree that Girardi was expressly authorized to enter the Master Settlement Agreement ("MSA") on Plaintiff's behalf.  *Id.* at 30.  Further, all sides agree that Plaintiff did not limit this authority in any way.  *Id.*  Accordingly, it is a pure question of law whether Plaintiff's grant of authority implicitly gave Girardi the ability to bind Plaintiff to the arbitration provision according to the ordinary "customs and usages" in the mass-tort legal industry.  Courts frequently decide the scope of an agent's authority as a matter of law.  *See, e.g*, *Sorrell v. Regency Nursing, LLC*, No. 3:14-CV-00304-TBR, 2014 WL 2218175 (W.D. Ky. May 28, 2014) (determining as a matter of law that woman possessed necessary authority enter an arbitration agreement on her mother's behalf); *The Rice Company (Suisse), S.A. v. Precious Flowers Ltd.*, 523 F.3d 528 (5th Cir. 2008) (determining arbitrability as a matter of law).  Similarly, a bench trial here would provide the Court with enough facts to decide this issue as a matter of law.

     The Court also identified, but did not address, the second portion of the arbitration analysis: "whether the particular disputes asserted here fall within the scope of the MSA's arbitration provision."  (Dkt. No. 21, p. 26).  This issue can likely be decided as a matter of law based on the language of the MSA arbitration provision.  *See Alliance Data Sys. Corp. v. Blackstone Capital Partners V L.P.*, 963 A.2d 746, 759-60 (Del. Ch.) *aff'd*, 976 A.2d 170 (Del.

2009) ("Under Delaware law, the proper interpretation of language in a contract is a question of law."); *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250, 265 (2013) ("A written contract is amenable to interpretation as a matter of law by the court."). Accordingly, the Court will likely be able to resolve this second issue as a matter of law after a bench trial.

A bench trial would be particularly appropriate because of the nature of this dispute. The present issue involves several interwoven legal questions all stemming from a nationwide, mass-tort settlement. A jury would likely be unable to unwind the factual and legal issues and unable to separate the underlying litigation from the present dispute. It would require substantial effort just to explain the basics of mass-tort litigation and attorney referral arrangements to a jury. Even then, the jury would be left with little to decide. The Tenth Circuit's recent decision in *Howard v. Ferrellgas Partners, L.P.*, says that district courts are to "decide quickly—summarily—the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute."  748 F.3d 975, 977 (2014). A bench trial would allow the parties to quickly reach the merits of this case.

Further, it is typically a judicial function to determine the appropriate forum. Federal judges frequently decide whether a case should be remanded to state court, whether a court has subject matter and personal jurisdiction, and whether a case should be transferred to another venue, among other, similar issues. The current issue is similarly appropriate for judicial determination. A bench trial would allow for a speedy, efficient resolution of the arbitration issue.

Respectfully Submitted,

/s/ Brandon D. Henry

Brandon D. Henry      KS#21258
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri  64112
Phone:  (816) 701-1100
Fax:  (816) 531-2372
tcartmell@wcllp.com
bhenry@wcllp.com
adavis@wcllp.com

**Attorney for Defendants Girardi & Keese and Thomas V. Girardi**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on April 17, 2015, using the Court's CM/ECF filing system, thereby sending notice of this filing to all counsel of record.

/s/ Brandon S. Henry