IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **HUTTON & HUTTON LAW FIRM, LLC,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**GIRARDI & KEESE, ET AL.,**<br><br>      **Defendants.** | Case No. 13-1462-DDC-KGS |

**MEMORANDUM AND ORDER**

     In this lawsuit, plaintiff Hutton & Hutton Law Firm, LLC seeks to recover fees it believes defendants Girardi & Keese ("G&K") and Thomas V. Girardi owe it under a fee-sharing agreement. Defendants filed a motion to compel arbitration (Doc. 9), arguing that Hutton & Hutton is bound by an arbitration provision in the Master Settlement Agreement ("MSA") that ended the litigation underlying this matter. This provision states, among other things, that any disputes between Hutton & Hutton and G&K "arising out of or in connection with this Agreement, shall be referred for binding determination to a neutral arbitrator . . . ." Doc. 21 at 24. It is undisputed that Hutton & Hutton gave G&K authority to enter the MSA on its behalf, but Hutton & Hutton argues that G&K exceeded the scope of its authority by agreeing to this aspect of the MSA's arbitration provision.

     In a March 31, 2015 Order, the Court concluded that it could not determine defendants' motion to compel as a matter of law because "the record before the Court currently presents genuine issues of material fact whether the parties agreed to arbitrate." Doc. 21 at 26. For this reason, and as fully discussed in the March 31 Order, the Court ordered a summary trial on the

1

following issue: whether G&K had authority to require Hutton & Hutton to arbitrate any dispute arising between them.

The Court's March 31 Order also directed the parties to advise the Court "whether the summary trial should be a jury trial or a bench trial." *Id.* at 36. The parties now have briefed this issue. Hutton & Hutton demands a jury trial (Doc. 26), while defendants believe a bench trial is appropriate (Doc. 27). After considering the parties' arguments, the Court concludes that Hutton & Hutton is entitled to have a jury decide whether the parties agreed to the MSA's arbitration provision.

Under § 4 of the Federal Arbitration Act ("FAA"), "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. "If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue." *Id.* But "the party alleged to be in default may . . . demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure . . . ." *Id.* In this case, Hutton & Hutton is the "party alleged to be in default" because it resists defendants' demand for arbitration. *See Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 980 (10th Cir. 2014) ("[O]nly the party resisting arbitration has the power to demand a jury . . . ."). Hutton & Hutton thus is entitled to a jury trial under § 4 of the FAA on the issue whether defendants possessed the agency authority to enter the MSA's arbitration provision.

Defendants argue that a bench trial is appropriate because determining the scope of G&K's agency authority is a "pure question of law." Doc. 27 at 2. The Court disagrees. Courts "'apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute.'" *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 612

(10th Cir. 2014) (quoting *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013)). Under Kansas law, "[t]he nature and scope of an agent's authority and the inclusion within the scope of that authority of a particular act are ordinarily questions to be determined by the trier of facts in accordance with the evidence adduced in the particular case." *Golden Rule Ins. Co. v. Tomlinson*, 335 P.3d 1178, 1188 (Kan. 2014) (quotation omitted); *see also* Restatement (Third) of Agency § 2.02 cmt. c (2006) ("Actual authority is an agent's power to affect the principal's legal relations in accord with the agent's reasonable understanding, at the time the agent acts, of the principal's manifestations to the agent.  The determination of reasonableness is a question for the trier of fact, unless a directed verdict is required.").  Thus, the scope of G&K's agency authority is a question of fact.  Because genuine issues of material fact exist and Hutton & Hutton, the party resisting arbitration, has requested a jury trial, Hutton & Hutton is entitled to a jury at the summary trial.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Request for Summary Bench Trial and Memorandum in Support (Doc. 27) is denied.  Plaintiff is entitled to a jury trial on the issue whether the parties agreed to the arbitration provision in the MSA.

**IT IS SO ORDERED.**

**Dated this 12th day of May, 2015, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**

---

[1] Defendants also argue that a second issue—whether the particular claims Hutton & Hutton brings here fall within the scope of the MSA's arbitration provision—is a question of law for the Court to decide.  The Court agrees with defendants on this point.  As it stated in its March 31 Order:  "If [the summary trial] determines that the parties did agree to arbitrate, the Court then will decide whether the claims asserted in this case fall within the scope of the arbitration provision." Doc. 21 at 35 (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).